Larry Slade, Esq., SBN 212276
SLADE LAW
14146 Killion St., Suite 100
Sherman Oaks, CA 91401
Telephone: (818) 997-8585
Facsimile:(818) 475-5323
larry@sladelaw.com

Anthony M. Saccullo, Esq.
Mary E. Augustine, Esq.
A.M. SACCULLO LEGAL, LLC
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NIKE USA, INC.,

        Plaintiff,

  vs.

JUICE LOS ANGELES, LLC, and

EDISON CHEN,

        Defendants.

Case No.: 2:25-cv-07447

**COMPLAINT**

Nike USA, Inc. ("Nike") hereby files this complaint against: (1) Juice Los Angeles, LLC; and (2) Edison Chen (collectively, the "Defendants") for: (a) Account Stated; (b) Breach of Contract; (c) Goods and Services Rendered; (d) Open Book Account; (e) Breach of Personal Guaranty; (f) Indemnification; and, in the alternative, (g) Unjust Enrichment; and states as follows:

## Preliminary Statement

1. This is an action to collect $126,615.68, plus interest, fees, and costs, from Juice Los Angeles ("Juice"). Edison Chen ("Guarantor") guaranteed Juice's obligations to Nike and is responsible to Nike for the entire outstanding balance. Juice has breached its account agreement with Nike, and the Guarantor has breached its personal guaranty to Nike by failing to compensate Nike for the products Nike provided to Juice.

## The Parties

2. Plaintiff Nike USA, Inc. is an Oregon corporation whose principal business activity is the design, development, and worldwide marketing and selling of athletic footwear, apparel, equipment, accessories, and services.

3. Nike USA, Inc. is organized in, domiciled in, and a citizen of Beaverton, Oregon.

4. Defendant Juice Los Angeles, LLC is a California limited liability company with a principal executive office at 1320A S. Boyle Ave, Los Angeles, California 90023.

5. Juice is organized in, domiciled in, and a citizen of Los Angeles, California.

6. Defendant Edison Chen is an individual residing at 637 North Lucerne, Los Angeles, California 90004.

7. Chen is a citizen of and domiciled in Los Angeles, California.

8. Chen is the owner of Juice.

### Jurisdiction and Venue

9. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than all of the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue in this District is proper pursuant to 28 U.S.C. §1391.

11. Each Defendant is a citizen of the State of California. Nike is a citizen of the State of Oregon.

12. The events giving rise to the claims asserted in this Complaint occurred in Los Angeles County, California.

### Background Facts

**A.    The Account Agreement**

13. Nike USA, Inc. and Juice Los Angeles, LLC are parties to the Nike Account Application and Agreement dated December 17, 2021 (the "2021 Account Agreement"). A copy of the 2021 Account Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

14. The Account Agreement requires Juice to pay Nike for all goods sold when due pursuant to the terms and conditions of sale on Nike's invoices.

15. The Account Agreement requires Juice to dispute an invoice from Nike within thirty days after the date the invoice is due. If Juice does not dispute an invoice within thirty days after the date the invoice is due, then, pursuant to the Account Agreement, the invoice will be deemed to be an account stated.

16. The Account Agreement provides that any sum not paid when due is subject to a service charge of 1.5% per month or the maximum rate permitted by law, whichever is lower.

17. The Account Agreement requires Juice to pay such costs, collection agency fees, expenses, reasonable attorney fees, and fees of corporate counsel (including, without

limitation, at trial and on appeal) as Nike may incur in any matter of collection of any sums past due.

18. Oregon law applies to the Account Agreement.

19. The Account Agreement provides Nike the right to refuse or cancel any such orders at any time prior to delivery to Juice, regardless of whether the order has been confirmed or payment has been received.

20. The Account Agreement allows Nike to allocate its available product in its sole and unfettered discretion.

21. The Account Agreement is supported by consideration.

22. In exchange for the execution of the Account Agreement, Nike agreed to do business or continue to do business with Juice in accordance with the Account Agreement.

23. Nike relied on the Account Agreement in doing business with and extending credit to Juice.

24. Nike relied on, *inter alia*, the Account Agreement in making decisions to extend credit and actually extending credit to Juice.

**B. The Personal Guaranty**

25. On September 5, 2019, Edison Chen provided Nike with the Nike Personal Guaranty (the "Personal Guaranty"). The 2019 Personal Guaranty is attached hereto as **Exhibit 2** and is incorporated herein by reference.

26. Chen is the Guarantor of Juice's debts and obligations to Nike.

27. In the Personal Guaranty, the Guarantor personally guaranteed to Nike the obligations of Juice.

28. In the Personal Guaranty, the Guarantor unconditionally, absolutely, and irrevocably guaranteed and promised to pay Nike, when due, all indebtedness owed to Nike by Juice.

29. The Personal Guaranty provides that indebtedness "is used in its most comprehensive sense and includes all debts, obligations and liabilities of every nature owed

by Customer to Nike, whether now in existence, or arising at any time in the future, including principal, interest charges, attorneys fee, and costs."

30. The Guarantor executed the Personal Guaranty to induce Nike to extend credit to Juice for the sale of Nike products.

31. Nike extended credit to Juice because the Personal Guaranty was provided to Nike.

32. Nike relied on, *inter alia*, the Personal Guaranty in making decisions to do business with Juice.

33. Paragraph 5 of the Personal Guaranty provides that "Guarantor agrees to indemnify Nike and hold Nike harmless from all obligations, demands, claims, and liabilities asserted by any other party, and against all losses incurred or paid by Nike in any way arising out of or in connection with Nike's transactions with Customer or Guarantor."

34. The introductory paragraph Personal Guaranty provides that Nike will be entitled to collect from Guarantor all of Juice's indebtedness, including all debts, obligations and liabilities of every nature.

35. Paragraph 7 of the Personal Guaranty provides that it:

> will remain in effect until Guarantor gives Nike written notice by certified mail of Guarantor's termination of this Guaranty ("Notice of Termination"). The Notice of Termination must be addressed to Nike USA, Inc. and sent to One Bowerman Drive, Beaverton, Oregon 97005-6453, Attention Credit Manager.

36. The Guarantor has not terminated the Personal Guaranty.

## FIRST CLAIM FOR RELIEF
### ACCOUNT STATED
(Against Juice Los Angeles and Edison Chen)

37. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

38. Nike issued invoices to Juice for goods and services that Nike provided to Juice, and such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

39. Nike and Juice have worked to resolve invoice discrepancies, including, but not limited to, chargebacks, freight, and quantity issues. After resolving such issues, the amounts set forth in this Complaint remain due and payable to Nike by Juice.

40. Through their words and conduct, Juice agreed that no less than $126,615.68, exclusive of interest, fees and costs is owed to Nike.

41. Through their words and conduct, Juice agreed to pay Nike no less than $126,615.68, exclusive of interest, fees and costs.

42. As of the date of the filing of this Complaint, Juice and Chen are indebted to Nike in an amount no less than $126,615.68, exclusive of interest, fees and costs. A copy of the Account Statement showing the amount Juice and Chen owe to Nike is attached hereto as **Exhibit 3** and is incorporated herein by reference.

43. On November 19, 2024, Nike demanded from Juice and Chen payment of an amount no less than $126,615.68, exclusive of interest, fees and costs.

44. The foregoing amount has not been paid to Nike as of the filing of this Complaint, and Juice has not requested approval to return any product to Nike.

## SECOND CLAIM FOR RELIEF

BREACH OF CONTRACT

(Against Juice Los Angeles and Edison Chen)

45. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

46. Juice and Nike are parties to the Account Agreement and the binding contracts (collectively, the "Contracts") formed by the invoices and purchase orders listed on **Exhibit 3** hereto, which require Juice to pay Nike for goods and services provided to Juice.

47. Nike provided goods and services to Juice, which was Nike's substantial performance pursuant to the Account Agreement and Contracts.

48. Nike has invoiced Juice for the amounts set forth in Count I of this Complaint.

49. Nike has resolved all discrepancies and issues raised by Juice, if any, with respect to each invoice issued to Juice by Nike.

50. Nonetheless, Juice has failed to pay Nike for the goods and services Nike has provided to Juice.

51. Juice's failure to pay Nike is a breach of the Account Agreement and the Contracts.

52. Juice's breach of the Account Agreement and Contracts has caused Nike to suffer damages in an amount no less than $126,615.68 plus all of Nike's costs, collection agency fees, expenses, interest, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal).

### THIRD CLAIM FOR RELIEF

GOODS AND SERVICES RENDERED

(Against Juice Los Angeles and Edison Chen)

53. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

54. Through their words and conduct, Juice and Chen requested that Nike deliver Nike products to Juice for Juice's and Chen's benefit.

55. Nike delivered its products to Juice and Chen.

56. Juice and Chen have not paid Nike for the reasonable value of the products Nike provided, which is no less than $126,615.68, exclusive of interest, fees and costs.

## FOURTH CLAIM FOR RELIEF

OPEN BOOK ACCOUNT

(Against Juice Los Angeles and Edison Chen)

57. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

58. Nike and Juice had financial transactions with each other.

59. Nike, in the regular course of business, kept a written and electronic account of the debits and credits involved in the financial transactions between Nike and Juice.

60. Juice and Chen owe Nike on the account.

61. Juice and Chen owe Nike no less than $126,615.68, exclusive of interest, fees and costs.

## FIFTH CLAIM FOR RELIEF

BREACH OF PERSONAL GUARANTY

(Against Edison Chen)

62. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

63. The Guarantor personally guaranteed payment of the debts of Juice to Nike in exchange for Juice's continued ability to conduct business with Nike and for Nike's extension of credit to Juice.

64. Nike provided goods and services to Juice and extended credit to Juice, which was Nike's substantial performance pursuant to the Personal Guaranty signed by the Guarantor.

65. The Guarantor failed to pay Nike for the goods and services Nike provided contrary to the Personal Guaranty signed by Guarantor, causing Nike to suffer damages.

66. Because of the Personal Guaranty signed by the Guarantor, the Guarantor is personally obligated to Nike in an amount not less than $126,615.68 plus costs, collection agency fees, expenses, attorney fees and fees of corporate counsel incurred in connection with collection efforts (including, without limitation, at trial and on appeal).

### SIXTH CLAIM FOR RELIEF

UNJUST ENRICHMENT

(Against Juice Los Angeles and Edison Chen)

67. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

68. At the request of Juice, Nike conferred a benefit upon Juice by providing the goods and services described herein and in the exhibits attached hereto.

69. Juice received and accepted the benefit of said goods and services provided by Nike.

70. At all times material hereto, Juice was aware that Nike was providing the aforesaid goods and services to Juice and that Nike expected to be paid for such.

71. At all times material hereto, Juice, with the aforesaid knowledge, permitted Nike to provide said goods and services and to incur damages.

72. At all times material hereto, Juice was unjustly enriched by retaining the benefit of receiving said goods and services without paying Nike fair and reasonable compensation.

73. Allowing Juice to retain the benefit of said goods and services without paying fair compensation would be unjust.

74. By reason of the aforesaid unjust enrichment of Juice at Nike's expense, an implied contract exists between Nike and Juice, and Juice are obligated to pay Nike the *quantum meruit* value of the goods and services described herein and in the exhibits attached hereto.

### Prayer for Relief

WHEREFORE, Plaintiff requests judgment against all Defendants as follows:

(a) Damages in the sum of $126,615.68 plus interest thereon at a rate of 1.5% per month from thirty days after the date first invoiced until paid;

(b) All costs, collection agency fees, expenses, reasonable attorney fees, and fees of corporate counsel incurred by Nike in connection with Nike's collection efforts (whether incurred prior to, at trial, or on appeal), as provided in the contract between the parties;

(c) Any and all damages as yet unascertained according to proof; and

(d) Such other and further relief as this Court deems just and proper.

Dated: August 12, 2025

A.M. SACCULLO LEGAL, LLC

_____
Anthony M. Saccullo
Mary E. Augustine
27 Crimson King Drive
Bear, DE 19701
Phone: (302) 836-8877
Fax: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

-and-

SLADE LAW

_____
Larry Slade
Slade Law
14146 Killion St. #100
Sherman Oaks, CA 91401
Phone: (818) 997-8585
Fax: (818) 475-5323
larry@sladelaw.com

*Attorneys for Nike USA, Inc.*